UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RACHEL ETA HILL, | Case No. 17-CV-1300 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| SHAKOPEE MDEWAKANTON SIOUX COMMUNITY, *doing business as* SMSC GAMING ENTERPRISE, and THE STATE OF MINNESOTA,[1] | |
| Defendants. | |

Rachel Eta Hill, pro se.

Greg S. Paulson, BRODEEN &PAULSON, PLLP; Richard A. Duncan, FAEGRE BAKER DANIELS LLP, for defendant Shakopee Mdewakanton Sioux Community.

Defendant Shakopee Mdewakanton Sioux Community ("SMSC") employed plaintiff Rachel Eta Hill at Mystic Lake Casino & Hotel ("Mystic Lake") for three weeks in 2016.  *See* ECF No. 51 at 5.  On November 3, 2016, Hill filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that SMSC had discriminated against her on the basis of disability in violation of the Rehabilitation Act

---

[1]The state of Minnesota was dismissed as a defendant by stipulation.  ECF Nos. 26, 41.

and the Americans with Disabilities Act ("ADA"). *Id.* On April 14, 2017, the EEOC issued a Notice of Right to Sue. *Id.* at 1.

A week later, Hill filed this action, alleging that SMSC violated the ADA when it failed to accommodate her disabilities when she took an examination for a gaming license. ECF No. 1. She also alleged that SMSC had harassed her for seeking such accommodations and retaliated against her by terminating her gaming license and employment at Mystic Lake. *Id.* These allegations had not been made in Hill's EEOC complaint. SMSC moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 32. Hill moved to strike SMSC's motion. ECF No. 56.

On October 12, 2017, Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court grant SMSC's motion to dismiss, dismiss the action with prejudice, and "term" Hill's motion to strike. ECF No. 70. Hill objected to the R&R, ECF No. 76, and filed a second motion to strike SMSC's motion to dismiss, ECF No. 84.

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Hill's objections, adopts Judge Brisbois's R&R (except as noted below), dismisses Hill's action without prejudice, and denies both of Hill's motions to strike.

Only a couple of matters merit comment:

In her objection to the R&R, Hill argues that "[SMSC's] motion to dismiss for failure to state a claim requires a hearing before a Judge of District Court." ECF No. 76. Hill is incorrect. Hill has a right to a *determination* by a district judge, but she does not have a right to a *hearing* before a district judge. *United States v. Raddatz*, 447 U.S. 667, 674 (1980) ("It should be clear that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."). SMSC's motion was referred to Judge Brisbois for a recommendation—not a decision—and, after a de novo review of Judge Brisbois's recommendation, this Court made its own determination. Thus, this Court has fully complied with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(1).

Hill also argues, for the first time, that her lawsuit is authorized by the Major Crimes Act, 18 U.S.C. § 1153; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68; and SMSC's gaming compacts with the State of Minnesota. Because Hill did not present these arguments to Judge Brisbois, she cannot present them now. *See Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) ("[A] claimant must present all his claims squarely to the magistrate judge . . . to preserve them for review."); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). Moreover, Hill's arguments display a great deal of

confusion about the laws and compacts on which she relies. Even if the Court were to consider Hill's arguments, it would reject them on the merits.

The Court does, however, disagree with the R&R in two respects:

First, Judge Brisbois recommends that Hill's first motion to strike be "termed." But "termed"—short for "terminated"—is what an employee of the Clerk's Office does within the CM/ECF system to show that a judge has ruled on a motion; it is not itself a way to dispose of a motion. Instead of ordering that Hill's motion be "termed," the Court will deny the motion. The proper way for a plaintiff to respond to a motion to dismiss her complaint is to file a memorandum explaining why the motion should not be granted, not to file a motion to strike the motion. Neither the Federal Rules of Civil Procedure nor the local rules of this District authorize a "motion to strike" a motion. *See Carlson Mktg. Grp., Inc. v. Royal Indem. Co.*, No. 04-CV-3368 (PJS), 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006). For that reason, the Court will deny both of Hill's motions to strike. The Court has, however, read the motions and the memoranda submitted in support of the motions, and the Court has fully considered Hill's arguments.

Second, Judge Brisbois recommends that Hill's complaint be dismissed with prejudice. But a finding that a claim is barred by sovereign immunity is a finding that the Court does not have subject-matter jurisdiction over the claim, and a dismissal for lack of subject-matter jurisdiction is a dismissal without prejudice. Therefore, a claim

that is dismissed because it is barred by sovereign immunity generally should be dismissed without prejudice. *See Roth v. United States*, 476 F. App'x 95 (8th Cir. 2012); *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011); *Murray v. United States*, 686 F.2d 1320, 1327 & n. 14 (8th Cir. 1982); *Hayes v. Fed. Bureau of Prisons*, No. 12-CV-577 (PJS/FLN), 2014 WL 1017954, at *3 (D. Minn. Mar. 17, 2014).

## ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 76] and ADOPTS the R&R [ECF No. 70]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant SMSC's motion to dismiss [ECF No. 32] is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

3. Plaintiff's amended motion to strike and joining motion to dismiss [ECF No. 56] is DENIED.

4. Plaintiff's motion to strike [ECF No. 84] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 23, 2018    s/Patrick J. Schiltz
                          Patrick J. Schiltz
                          United States District Judge